Opinion by JOHNSON, J. From an examination of the papers in the case, the court was unable to find anything to overcome the presumption of correctness of the collector's classification. The protest was therefore overruled.

**No. 58305.**—W. R. Grace & Co. v. United States, protest 224697–K (New York).

Opinion by JOHNSON, J. From an examination of the papers in the case, the court was unable to find anything to overcome the presumption of correctness of the collector's classification. The protest was therefore overruled.

JULY 26, 1954

**No. 58306.**—SUIT 4771.—United States v. Pacific Overseas Co. and W. J. Byrnes & Co.
  C. D. 1496 affirmed April 9, 1954. C. A. D. 559.

BEFORE THE FIRST DIVISION, AUGUST 6, 1954

**No. 58307.**—Brecht Hayes & Co., Inc. v. United States, protest 172190–K (Philadelphia).

Opinion by OLIVER, C. J. At the trial, it was stipulated that the clean content of the camel hair was 73.1 percent. Accordingly, the merchandise in question was held dutiable at the rate applied by the collector on the basis of 73.1 percent clean content. The protest was sustained to this extent.

**No. 58308.**—Thurmond & Cuneo, Inc., and H. P. Lambert Co. et al. v. United States, protests 192908–K, etc. (Boston).

Opinion by OLIVER, C. J. It was stipulated that for duty purposes the clean content of the wool in question was determined in accordance with the instructions contained in T. D. 53159, which was issued following *United States* v. *Fred Whitaker Company, Inc.* (40 C. C. P. A. 19, C. A. D. 492). In that case, it was held that the statutory language, clean content of wool, as used in paragraph 1102 (b), was construed to mean the product commercially usable as wool and from which all the weight of grease and foreign material has been removed, including the wool fibers which are unavoidably and irrevocably lost as a result of commercially applied cleaning processes. Accordingly, the wool in question was held dutiable at the rate applied by the collector on the basis of the percentages of clean content as set forth in the column headed "Clean Content" in schedule "A," attached to and made a part of the decision in this case.

**No. 58309.**—W. F. Mackay Estate et al. v. United States, protests 146959–K, etc. (Pembina).

Opinion by Mollison, J. In accordance with stipulation of counsel that certain items of the merchandise are similar in all material respects to the Western white spruce lumber the subject of *C. J. Tower & Sons* v. *United States* (31 Cust. Ct. 13, C. D. 1538), the claim of the plaintiffs was sustained as to said items.

**No. 58310.**—F. C. Mackay v. United States, protests 161594–K, etc. (Pembina).

Opinion by Mollison, J. In accordance with stipulation of counsel that certain items of the merchandise are similar in all material respects to the Western white spruce lumber the subject of *C. J. Tower & Sons* v. *United States* (31 Cust. Ct. 13, C. D. 1538), the claim of the plaintiff was sustained as to said items.

**No. 58311.**—F. E. Macartney v. United States, protests 163361–K, etc. (Duluth).

Opinion by Mollison, J. In accordance with stipulation of counsel that certain items of the merchandise are similar in all material respects to the Western white spruce lumber the subject of *C. J. Tower & Sons* v. *United States* (31 Cust. Ct. 13, C. D. 1538), the claim of the plaintiff was sustained as to said items.

**No. 58312.**—F. E. Macartney v. United States, protests 170243–K, etc. (Duluth).

Opinion by Mollison, J. In accordance with stipulation of counsel that certain items of the merchandise are similar in all material respects to the Western white spruce lumber the subject of *C. J. Tower & Sons* v. *United States* (31 Cust. Ct. 13, C. D. 1538), the claim of the plaintiff was sustained as to said items.

**No. 58313.**—F. C. Mackay et al. v. United States, protests 171366–K, etc. (Pembina).

Opinion by Mollison, J. In accordance with stipulation of counsel that certain items of the merchandise are similar in all material respects to the Western white spruce lumber the subject of *C. J. Tower & Sons* v. *United States* (31 Cust. Ct. 13, C. D. 1538), the claim of the plaintiffs was sustained as to said items.

**No. 58314.**—F. E. Macartney v. United States, protests 170349–K, etc. (Duluth).